
1  Karla J. Kraft, State Bar No. 205530
     kkraft@stradlinglaw.com
2  Sean Thomas Lobb, State Bar No. 324213
     stlobb@stradlinglaw.com
3  STRADLING YOCCA CARLSON & RAUTH,
   A Professional Corporation
4  660 Newport Center Drive, Suite 1600
   Newport Beach, CA 92660-6422
5  Telephone: (949) 725-4000
   Facsimile: (949) 725-4100

Attorneys for Defendant
ANN C. MOORMAN, Judge of the Superior
Court of California, County of Mendocino

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| COYOTE VALLEY BAND OF POMO INDIANS, a federally recognized Indian tribe,<br><br>            Plaintiff,<br><br>vs.<br><br>ROBERT FINDLETON, doing business as Terre Construction and On-Site Equipment; ANN C. MOORMAN, Judge of the Superior Court of Mendocino County, California, in her official capacity; SAVINGS BANK OF MENDOCINO COUNTY, a California corporation; JOHN AND JANE DOES 1-10; ABC CORPORATIONS 1-10; and XYZ LLCs 1-10,<br>            Defendants. | Case No. 4:22-cv-00607-JST<br>Assigned to Hon. Jon S. Tigar<br><br>**DEFENDANT JUDGE MOORMAN'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>*[Filed concurrently with Declaration of Sean T. Lobb, Request for Judicial Notice, and Proposed Order]*<br><br>Date: May 26, 2022<br>Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar<br>Location: Remote via ZOOM<br>https://cand-uscourts.zoomgov.com/j/1619067542?pwd=YktBS2VoNm1JYW9xMS91dk9rUzZudz09<br>Webinar ID: 161 906 7542<br>Password: 959588<br><br>Complaint Filed: January 31, 2022<br>Trial Date: Not set |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-
DEFENDANT JUDGE MOORMAN'S MOTION TO DISMISS

4883-1407-2079v2/000000-2737                                                Case No. 4:22-cv-00607-JST

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 26, 2022 at 2:00 p.m., before the Honorable Jon S. Tigar, at Courtroom 6 at the above-captioned Court, located at 130 Clay Street, Oakland, CA 94612 (by remote Zoom appearance), defendant Ann C. Moorman, Judge of the Superior Court of California, County of Mendocino ("Judge Moorman") will move the Court for an order dismissing the First Amended Complaint in its entirety with prejudice under Federal Rule of Civil Procedure 12(b)(1).

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Sean Thomas Lobb in support, the Request for Judicial Notice, and all pleadings, records and other documents on file with the Court in this action, and upon such oral argument as may be presented at, before and after the hearing of this Motion.

Dated: March 2, 2022                    STRADLING YOCCA CARLSON & RAUTH, P.C.

                                         By:  /s/ Karla J. Kraft
                                              Karla J. Kraft
                                              Sean Thomas Lobb
                                              Attorneys for Defendant Ann C. Moorman,
                                              Judge of the Superior Court of California,
                                              County of Mendocino

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-
TABLE OF CONTENTS

4883-1407-2079v2/000000-2737                                Case No. 4:22-cv-00607-JST

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................................7

II. FACTUAL BACKGROUND..................................................................................................7

III. LEGAL STANDARD .............................................................................................................8

IV. ARGUMENT ..........................................................................................................................8

    A. This Court Lacks Jurisdiction Under The *Rooker-Feldman* Doctrine..................8

    B. The *Younger* Abstention Doctrine Applies............................................................9

    C. The *Colorado River* Doctrine Also Applies.........................................................12

    D. Judicial Immunity Precludes Plaintiff's Claims ...................................................14

    E. Plaintiff's Claims Are Barred By Eleventh Amendment Immunity....................15

    F. Plaintiff's Claims Are Barred By The Anti-Injunction Act.................................16

    G. Leave To Amend Should Be Denied ...................................................................17

V. CONCLUSION.....................................................................................................................17

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashelman v. Pope*,
   793 F.2d 1072 (9th Cir. 1986) ...............................................................................................15, 17

*Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*,
   398 U.S. 281 (1970) ......................................................................................................................16

*C & L Enters. v. Citizen Band Potawatomi Indian Tribe of Okla.*,
   532 U.S. 411 (2001) ........................................................................................................................9

*In re Castillo*,
   297 F.3d 940 (9th Cir. 2002) .......................................................................................................14

*Chabrowski v. Cretan*,
   No. C-12-4443 EMC, 2013 U.S. Dist. LEXIS 25588 (N.D. Cal. Feb. 21, 2013) ................8, 14

*Colorado River Water Conservation Dist. v. U.S.*,
   424 U.S. 800 (1976) ..........................................................................................................7, 12, 13

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
   544 U.S. 280 (2005) ........................................................................................................................8

*Findleton v. Coyote Valley Band of Pomo Indians*,
   69 Cal. App. 5th 736 (2021) ..........................................................................................7, 10, 13

*Gold Coast Search Partners LLC v. Career Partners, Inc.*,
   No. 19-cv-03059-EMC, 2019 U.S. Dist. LEXIS 155317 (N.D. Cal. Sep. 11,
   2019) ........................................................................................................................................12, 16

*Hueter v. Kruse*,
   No. 21-00226 JMS-KJM, 2021 U.S. Dist. LEXIS 241738, at *56 (D. Haw.
   Dec. 17, 2021) ................................................................................................................................10

*KAG W., LLC v. Malone*,
   No. 15-cv-03827-TEH, 2016 U.S. Dist. LEXIS 96156 (N.D. Cal. July 22,
   2016) ................................................................................................................................................16

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) ........................................................................................................................8

*Koshnick v. Lynott*,
   2021 U.S. Dist. LEXIS 199009 (D. N.J. Oct. 15, 2021) ....................................................14, 15

*Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*,
   616 F.3d 963 (9th Cir. 2010) .......................................................................................................15

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-
TABLE OF AUTHORITIES

4883-1407-2079v2/000000-2737                                                                                Case No. 4:22-cv-00607-JST

*Matrai v. Hiramoto*,
    No. 20-cv-05241-MMC, 2020 U.S. Dist. LEXIS 234654 (N.D. Cal. Dec. 14,
    2020) ........................................................................................................................... 10, 11

*Middlesex County Ethics Comm. V. Garden State Bar Ass'n*,
    457 U.S. 423 (1982) ................................................................................................................ 9

*Montanore Minerals Corp. v. Bakie*,
    867 F.3d 1160 (9th Cir. 2017) .............................................................................................. 12

*Nemcik v. Fannin*,
    No. 18-cv-05120-JST, 2019 U.S. Dist. LEXIS 27303 (N.D. Cal. Feb. 20,
    2019) ........................................................................................................................................ 8

*Owens v. Cowan*,
    No. CV 17-03674-FMO (JDE), 2018 WL 1002313 (C.D. Cal. Jan. 17, 2018) ..................... 14

*Pennzoil Co. v. Texaco, Inc.*,
    481 U.S. 1 (1987) .............................................................................................................. 10, 11

*ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*,
    754 F.3d 754 (9th Cir. 2014) ............................................................................................. 9, 10

*Safapou v. Marin Cty. of Cal.*,
    No. 15-cv-04603-JST, 2015 U.S. Dist. LEXIS 137106 (N.D. Cal. Oct. 7,
    2015) ...................................................................................................................................... 16

*Sanai v. McDonnell*,
    2018 U.S. Dist. LEXIS 228226 (C.D. Cal. Aug. 1, 2018) ..................................................... 14

*Shingle Springs Band of Miwok Indians v. Sharp Image Gaming, Inc.*,
    No. 2:10-cv-1396 FCD GGH, 2010 WL 4054232 (E.D. Cal. Oct. 15, 2010) ........................ 11

*Soderstrom v. Ocampo*,
    No. SACV 19-422 JVS (KESx), 2019 U.S. Dist. LEXIS 227802, at *13 (C.D.
    Cal. June 17, 2019) ................................................................................................................ 10

*Stump v. Sparkman*,
    435 U.S. 349 (1978) .............................................................................................................. 14

*United States Bank Nat'l Ass'n v. New*,
    No. 13-cv-03418-JST, 2013 U.S. Dist. LEXIS 197467 (N.D. Cal. Dec. 23,
    2013) ........................................................................................................................................ 8

*Weldon v. Kapetan*,
    No. 1:17-cv-01536-LJO-SKO, 2018 WL 2127060 (E.D. Cal. May 9, 2018) ........................ 14

*White Mountain Apache Tribe v. Smith Plumbing Co., Inc.*,
    856 F.2d 1301 (9th Cir. 1988) .............................................................................................. 11

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-
TABLE OF AUTHORITIES

4883-1407-2079v2/000000-2737                                                  Case No. 4:22-cv-00607-JST

*Will v. Mich. Dep't of State Police*,
    491 U.S. 58 (1989) ............................................................................................................... 15

*Younger v. Harris*,
    401 U.S. 37 (1971) ........................................................................................................ *passim*

**Statutes**

28 U.S.C. § 2283 ....................................................................................................................... 16

42 U.S.C. § 1983 ....................................................................................................................... 14

Anti-Injunction Act .................................................................................................................... 16

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ........................................................................................................ 2, 7, 8

Fed. R. Civ. P. 12(h)(3) ............................................................................................................... 8

U.S. Constitution Eleventh Amendment ............................................................................. 15, 16

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-
TABLE OF AUTHORITIES

4883-1407-2079v2/000000-2737                                    Case No. 4:22-cv-00607-JST

## I. INTRODUCTION

Plaintiff Coyote Valley Band of Pomo Indians ("Plaintiff") has spent over a decade in California state court litigating its dispute concerning a construction contract with defendant Robert Findleton ("Findleton"). Now, because Plaintiff is unhappy with the result obtained in state court, Plaintiff seeks federal injunctive relief against pending state court judgments. This relief is sought in relation to all defendants, including defendant Ann C. Moorman, Judge of the Superior Court of California, County of Mendocino ("Judge Moorman"). But this Court lacks jurisdiction over this dispute under multiple doctrines established by the United States Supreme Court: the *Rooker-Feldman* doctrine, *Younger* Abstention, the *Colorado River* doctrine, and judicial immunity. Additionally, Plaintiff's claims are barred by the Eleventh Amendment and the Anti-Injunction Act. For each and all of these reasons, Plaintiff's First Amended Complaint must be dismissed with prejudice for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## II. FACTUAL BACKGROUND

This case arises out of a long-running dispute concerning a construction contract for a casino and a related equipment rental contract between Plaintiff and Findleton. The lengthy history of that dispute is chronicled in *Findleton v. Coyote Valley Band of Pomo Indians*, 69 Cal. App. 5th 736, 741-52 (2021). (Decl. of Sean Thomas Lobb, **Ex. A**.) Initially, Findleton filed suit in the state court in March 2012. *Findleton*, 69 Cal. App. 5th at 742. Plaintiff sought dismissal for lack of jurisdiction based on tribal sovereign immunity. *Id.* The state trial court dismissed the case for lack of jurisdiction, and the California Court of Appeal reversed. *Id.* at 743. Since then, the state court has actively supervised this case, spending significant judicial time and resources during the last decade. *Id.* at 742-54.

In the many years that the state court litigation has been pending, Plaintiff has (a) refused to comply with orders to mediate and arbitrate, (b) refused to pay awards of attorney fees on appeal, (c) refused to comply with orders to produce documents, (d) refused to cooperate in the orderly examination of debtors to effectuate collection of valid state court judgments, (e) refused to pay sanctions awards, (f) refused to comply with orders of the state appellate court, (g) had the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-

DEFENDANT JUDGE MOORMAN'S MOTION TO DISMISS

4883-1407-2079v2/000000-2737   Case No. 4:22-cv-00607-JST

rare disentitlement doctrine applied against it based on the Plaintiff's "flagrant, repeated, and continuous" violation of state court orders, and (h) attempted to thwart the state court's orders by enlisting the aid of a previously unavailable tribal court, among other things. *See id.* at 740-54.

Judge Moorman was assigned to the underlying state court case in January 2020. (Decl. of Sean Thomas Lobb, **Ex. B**.) The state court case is still pending before Judge Moorman. (*Id.*) The First Amended Complaint ("FAC") was filed on February 3, 2022 (ECF No. 26), and Judge Moorman was served with the FAC on February 9, 2022.

## III.   LEGAL STANDARD

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion under Federal Rule of Civil Procedure 12(b)(1). The plaintiff always bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Nemcik v. Fannin*, No. 18-cv-05120-JST, 2019 U.S. Dist. LEXIS 27303, at *4 (N.D. Cal. Feb. 20, 2019) (granting motion to dismiss amended complaint with prejudice under Federal Rule of Civil Procedure 12(b)(1) because of *Rooker-Feldman* doctrine and judicial immunity).

## IV.   ARGUMENT

### A.   This Court Lacks Jurisdiction Under The *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, a federal district court does not have jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also United States Bank Nat'l Ass'n v. New*, No. 13-cv-03418-JST, 2013 U.S. Dist. LEXIS 197467, at *2 (N.D. Cal. Dec. 23, 2013) (holding court lacked subject-matter jurisdiction under *Rooker-Feldman*). The *Rooker-Feldman* doctrine prohibits federal district courts from acting as appellate courts over state court judgments. *See Chabrowski v. Cretan*, No. C-12-4443 EMC, 2013 U.S. Dist. LEXIS 25588, at *6 (N.D. Cal. Feb. 21, 2013) (granting motion to dismiss under *Rooker-Feldman* doctrine where "the gist of Plaintiff's claim is a

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

DEFENDANT JUDGE MOORMAN'S MOTION TO DISMISS

4883-1407-2079v2/000000-2737                                                                                          Case No. 4:22-cv-00607-JST

1  challenge to Defendant's issuance of injunctive relief in a state court action . . . [b]y bringing the matter before this Court, Plaintiff is essentially seeking an appeal of that decision").

This case fits squarely within the *Rooker-Feldman* criteria. Plaintiff commenced this case after the California Court of Appeal ruled against Plaintiff on its tribal sovereign immunity claim. And Plaintiff claims injury stemming from that ruling. Plaintiff is now asking this Court to reject that decision and enjoin the relief that the state court granted to defendant Findleton.

The United States Supreme Court is the only federal court with appellate jurisdiction over state courts. *C & L Enters. v. Citizen Band Potawatomi Indian Tribe of Okla.*, 532 U.S. 411, 414 (2001) demonstrates the appropriate procedure for cases like this. There, the case involved the question of whether a tribe waived its sovereign immunity. *Id.* The tribe first raised a sovereign immunity argument in a state trial court. *Id.* at 416. The trial court ruled against the tribe, and the tribe appealed that decision to the state civil court of appeals. *Id.* The state appellate court upheld the trial court's decision, and the tribe then filed a petition for writ of certiorari with the U.S. Supreme Court. *Id.* The petition was granted, and the U.S. Supreme Court performed its duty as appellate court over a state court decision on a federal issue. *Id.* at 417.

*C & L Enters.* mandates the process contemplated by the *Rooker-Feldman* doctrine. 532 U.S. at 414-17. When a state court issues a decision on a federal issue—such as denying a tribe's claim of sovereign immunity—a federal district court lacks jurisdiction to review that decision. The state court's decision is subject to review only by the U.S. Supreme Court. Thus, this Court lacks jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine

### B.     The *Younger* Abstention Doctrine Applies

In *Younger v. Harris*, 401 U.S. 37, 44 (1971), the U.S. Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *See Middlesex County Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). *Younger* abstention is appropriate in civil cases "when the state proceedings (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *See ReadyLink Healthcare, Inc. v.*

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-9-
DEFENDANT JUDGE MOORMAN'S MOTION TO DISMISS
4883-1407-2079v2/000000-2737                                    Case No. 4:22-cv-00607-JST

*State Compensation Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014). If those "threshold elements" are met, the court then considers "whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *See id.*

This case meets the *Younger* elements. *See Matrai v. Hiramoto,* No. 20-cv-05241-MMC, 2020 U.S. Dist. LEXIS 234654, at *19 (N.D. Cal. Dec. 14, 2020) (dismissing case with prejudice under *Younger* abstention doctrine). First, the proceedings in the California state court are ongoing. The case was filed in 2012, has been up and down to the California Court of Appeal multiple times, and currently is pending in the state court before Judge Moorman. *Findleton*, 69 Cal. App. 5th at 741-52. A hearing on Findleton's Motion for Sanctions and Contempt of Court for Violation of April 24, 2017 Order to Compel Arbitration and Litigation Misconduct is currently set for March 25, 2022. (ECF No. 9 at 14.) Thus, the underlying case is ongoing.

Second, this case involves California's interest in enforcing the orders and judgments of its courts. "The second *Younger* abstention factor is met where the order is 'at the core of California's court system, implicating the State's interest in enforcing the orders and judgment of its courts. Court orders involve the administration of the state judicial process—for example, an appeal bond requirement, a civil contempt order, or an appointment of a receiver.'" *Soderstrom v. Ocampo*, No. SACV 19-422 JVS (KESx), 2019 U.S. Dist. LEXIS 227802, at *13 (C.D. Cal. June 17, 2019) (quoting *ReadyLink*, 754 F.3d at 759)). Here, this element is satisfied because any ruling issued by this Court on the question of declaratory relief would necessarily interfere with previous orders issued by the California Court of Appeal and Superior Court. *See Hueter v. Kruse,* No. 21-00226 JMS-KJM, 2021 U.S. Dist. LEXIS 241738, at *56 (D. Haw. Dec. 17, 2021) (second *Younger* element met where "any ruling issued by this court on the question of declaratory relief would necessarily interfere with previous orders issued" in the underlying case).

Third, this case involves important state interests. For instance, *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 4 (1987) involved a dispute over an alleged breach of contract with large dollar amounts at stake. In determining that the federal courts should have abstained from intervention, the U.S. Supreme Court held:

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-10-
DEFENDANT JUDGE MOORMAN'S MOTION TO DISMISS
4883-1407-2079v2/000000-2737                                    Case No. 4:22-cv-00607-JST

> There is little difference between the State's interest in forcing persons to transfer property in response to a court's judgment and in forcing persons to respond to the court's process on pain of contempt. Both . . . involve challenges to the processes by which the State compels compliance with the judgments of its courts. Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained. So long as those challenges relate to pending state proceedings, proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand.

*Id.* at 13-14.

California has an interest in enforcing contracts entered within its borders. An injunction by this Court would interfere with the state court's ability to enforce obligations between individuals and entities within the state. Abstention honors the "notion of comity" and "proper respect for state functions." *Younger*, 401 U.S. at 44. This Court should abstain under the principles of *Younger*.

Fourth, the State of California provides adequate forums for Plaintiff to raise its issues and allows litigants to raise federal challenges. Only "an 'opportunity to present . . . federal claims in the state proceedings' is required" under this element. *See Matrai,* 2020 U.S. Dist. LEXIS 155223, at *6 (quoting *Juidice v. Vail*, 430 U.S. 327, 337 (1977)). Indeed, even "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *See Pennzoil*, 481 U.S. at 15.

Here, Plaintiff raised the issue of tribal sovereign immunity, and Plaintiff was fully heard by the state trial court and California Court of Appeal. Where there is a final, appealable order, Plaintiff may be able to appeal (if necessary) to the California appellate courts and have a full opportunity to reargue the issues. *See Shingle Springs Band of Miwok Indians v. Sharp Image Gaming, Inc.,* No. 2:10-cv-1396 FCD GGH, 2010 WL 4054232, at *3 (E.D. Cal. Oct. 15, 2010) (bringing the case to federal court after "the California Supreme Court dissolved the stay and denied the petition" to overturn the Superior Court's decision); *White Mountain Apache Tribe v. Smith Plumbing Co., Inc.,* 856 F.2d 1301, 1303 (9th Cir. 1988) (bringing case to federal court after "[t]he Arizona Supreme Court granted review and a divided court . . . agreed with the court of appeals that a state court had jurisdiction to decide the merits of [the] case"). Where

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-
DEFENDANT JUDGE MOORMAN'S MOTION TO DISMISS
4883-1407-2079v2/000000-2737                                    Case No. 4:22-cv-00607-JST

appropriate, Plaintiff may also have the opportunity to ask the U.S. Supreme Court to address the issues if necessary.

### C. The *Colorado River* Doctrine Also Applies

In *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 814-16 (1976) the U.S. Supreme Court identified three general categories of abstention: "cases presenting a federal constitutional issue which might be mooted or presented in a different posture by state court determination of pertinent state law," "[cases] where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar," and "[cases] where, absent bad faith, harassment or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceeding." *See Montanore Minerals Corp. v. Bakie,* 867 F.3d 1160, 1168 (9th Cir. 2017).

This case presents difficult questions of state law bearing on policy problems of substantial public import. The state is making decisions on jurisdiction over contractual obligations between Native American tribes and non-Native Americans within the State's borders. Tribes throughout California engage in commercial transactions with non-Native American citizens and corporations. Californians and the tribes need to know, before engaging in contracts, whether the state will enforce sovereign immunity waiver clauses. This is an issue that could potentially be litigated time and again in the federal courts, because each case will involve the interpretation of a specific contract. Rather than repeatedly litigating the issue in federal courts, the federal courts should defer to the state courts, which can interpret each contract as appropriate under applicable state law.

Further, "the state question itself need not be determinative of state policy. It is enough that exercise of federal review . . . would be disruptive of state efforts to establish coherent policy with respect to a matter of substantial public concern." *Id.* at 814. This case should be dismissed to allow the state courts to continue to rule on this important public issue. *See Gold Coast Search Partners LLC v. Career Partners, Inc.*, No. 19-cv-03059-EMC, 2019 U.S. Dist.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-12-

DEFENDANT JUDGE MOORMAN'S MOTION TO DISMISS

4883-1407-2079v2/000000-2737   Case No. 4:22-cv-00607-JST

LEXIS 155317, at *2 (N.D. Cal. Sep. 11, 2019) (granting motion to dismiss in part under *Colorado River* doctrine).

If this Court were to determine that this case does not present a difficult state law question bearing on policy of substantial public import, notably *Colorado River* allows for abstention even in cases falling outside of the three general categories. The Supreme Court has held:

> Although this case falls within none of the abstention categories, there are principles . . . which govern in situations involving the contemporaneous exercise of concurrent jurisdictions . . . . These principles rest on considerations of "[wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."

*Id.* at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). The Court identified three non-exclusive factors for courts to consider when making dismissal decisions in concurrent jurisdiction cases: "the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums." *Id.* at 818 (citations omitted).

Here, the underlying case shows the problems with piecemeal litigation, *i.e.*, the federal courts weighing in on the matter of the state court's jurisdiction over Plaintiff. Findleton filed suit in the state court in March 2012. *Findleton*, 69 Cal. App. 5th at 742. Plaintiff objected for lack of jurisdiction based on sovereign immunity. *Id.* The state trial court dismissed the case for lack of jurisdiction, and the California Court of Appeal reversed. *Id.* at 743. Since then, the state court has actively supervised this case, spending significant judicial time and resources for a decade. *Id.* at 742-54.

Plaintiff brought this action in federal court only after facing substantial sanctions for its repeated and deliberate failure to comply with the state court's orders. *Id.* Plaintiff waited over five years to file this action after the state court denied its sovereign immunity argument. *Id.* Aside from arbitration or mediation, the California courts will hear all issues relevant to the applicable contract between Plaintiff and Findleton. This Court should defer to the state courts in order to avoid different provisions of the contract being litigated in different forums. It is evident that "wise judicial administration, giving regard to conservation of judicial resources and

-13-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DEFENDANT JUDGE MOORMAN'S MOTION TO DISMISS

4883-1407-2079v2/000000-2737                                    Case No. 4:22-cv-00607-JST

comprehensive disposition of litigation" weigh heavily in favor of this Court deferring to the state court and dismissing this case with prejudice.

### D. Judicial Immunity Precludes Plaintiff's Claims

Judicial immunity bars Plaintiff's action against Judge Moorman. The judges of this country have long been protected by judicial immunity, which allows judges to exercise their authority without fear of lawsuits.

In *Stump v. Sparkman*, 435 U.S. 349, 355 (1978), the U.S. Supreme Court recognized that "a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself. For that reason . . . judges of courts of superior or general jurisdiction are not liable to civil action for their judicial acts." *See Koshnick v. Lynott,* 2021 U.S. Dist. LEXIS 199009, at *21 (D. N.J. Oct. 15, 2021) (granting motion to dismiss filed against state judicial officers on judicial immunity grounds); *Sanai v. McDonnell*, 2018 U.S. Dist. LEXIS 228226, at **7-9 (C.D. Cal. Aug. 1, 2018) (holding that judicial immunity barred plaintiff's complaint against a judge); *Chabrowski*, 2013 U.S. Dist. LEXIS 25588, at *7 (granting defendant's motion to dismiss based on judicial immunity, *Younger* abstention, and *Rooker-Feldman* doctrine).

Judicial immunity from suit is "broad, barring civil liability even where their actions were taken in error or maliciously and corruptly." *Sanai*, 2018 U.S. Dist. LEXIS 228226, at *7. "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, [citation], or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002) (quoting *Stump*, 435 U.S. at 359)). More specifically, the text of 42 U.S.C. § 1983 prohibits federal courts from granting injunctive relief against any judicial officers acting in their official capacity "unless a declaratory decree was violated or declaratory relief was unavailable." Declaratory relief has been deemed to be unavailable if the plaintiff demonstrates it lacks "the ability . . . to 'appeal[] the judge's order[]' [Citations]." *Owens v. Cowan*, No. CV 17-03674-FMO (JDE), 2018 WL 1002313, *11 (C.D. Cal. Jan. 17, 2018), *adopted by* 2018 WL 1009268 (C.D. Cal. Feb. 16, 2018); *see also Weldon v.*

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-14-
DEFENDANT JUDGE MOORMAN'S MOTION TO DISMISS
4883-1407-2079v2/000000-2737　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 4:22-cv-00607-JST

*Kapetan*, No. 1:17-cv-01536-LJO-SKO, 2018 WL 2127060, at *4 (E.D. Cal. May 9, 2018). And there are only two situations in which judges are not immune from civil suit: (1) where their actions were taken in a nonjudicial capacity and (2) where their actions, though judicial in nature, were taken in the absence of all jurisdiction. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (affirming dismissal of action against state judge).

Here, Judge Moorman took the actions at issue in her judicial capacity. And, even if Plaintiff were correct and Judge Moorman's orders were erroneous under the law, this would not abrogate her judicial immunity. *See Ashelman*, 793 F.3d at 1075 ("Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.") (internal citations and quotations omitted). Therefore, Judge Moorman is immune from suit for injunctive relief in this case. Judge Moorman must be able to make decisions on cases without the concern of being sued in federal court to answer for those decisions.

### E. Plaintiff's Claims Are Barred By Eleventh Amendment Immunity

The Eleventh Amendment to the U.S. Constitution protects a state from being sued in federal court, unless the state has consented to being sued. *See Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (internal quotation marks and citations omitted) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state. The Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought and extends to state instrumentalities and agencies.") Eleventh Amendment immunity applies here because Judge Moorman is a state actor in her official capacity as a judicial officer, and California has not consented this lawsuit.

In *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) the Supreme Court held that a suit against a state actor in his or her official capacity is a suit against the state, and such a lawsuit is prohibited under the Eleventh Amendment. Whether the action is against the court as a whole or against an individual judge, it is an action against the state. The state did not consent to suit against it in this case, and consequently, this action is barred. *See Koshnick*, 2021 U.S.

-15-
DEFENDANT JUDGE MOORMAN'S MOTION TO DISMISS
4883-1407-2079v2/000000-2737                                                                                    Case No. 4:22-cv-00607-JST

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

Dist. LEXIS 199009, at *15 (holding that state court judges were "cloaked with Eleventh Amendment immunity" and dismissing claims asserted against the judges).

### F. Plaintiff's Claims Are Barred By The Anti-Injunction Act

The federal Anti-Injunction Act also bars Plaintiff's claims. The Act states:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. Congress adopted this restriction in deference to the federalist nature of our national government. *See Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 285 (1970). Our federal system of parallel state and federal judicial systems would not function if the courts were free to fight each other over control of a particular case. *Id.* at 286. The Supreme Court emphasized that the Act "is an absolute prohibition against enjoining state proceedings, unless the injunction falls within one of [the] three specifically defined exceptions" to the Act. *Id.* The three exceptions to the Act are for injunctions that: (1) Congress has expressly authorized; (2) are necessary in aid of the federal court's jurisdiction; or (3) are necessary to protect or effectuate the federal court's judgments. *Gold Coast Search Partners LLC*, 2019 U.S. Dist. LEXIS 155317, at *10 (citing *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 805 (9th Cir. 2002)).

Nowhere here, however, does Plaintiff provide any basis for the Court to conclude that one of the three exceptions in the Anti-Injunction Act applies. *See Safapou v. Marin Cty. of Cal.*, No. 15-cv-04603-JST, 2015 U.S. Dist. LEXIS 137106, at *3 (N.D. Cal. Oct. 7, 2015) (dismissing case under Anti-Injunction Act where plaintiff failed to provide a basis for the court to conclude an exception to the Act applied). Plaintiff's requested injunctive relief—directed at the power of the state court to adjudicate a pending action filed ten years ago—falls squarely within the Anti-Injunction Act. *See KAG W., LLC v. Malone,* No. 15-cv-03827-TEH, 2016 U.S. Dist. LEXIS 96156, at *17 (N.D. Cal. July 22, 2016) (denying injunctive relief under the Anti-Injunction Act where no exceptions applied).

First, Plaintiff points to no act of Congress allowing the tribe, after ten years of unsuccessful litigation in state court and deliberate refusal to comply with state court orders, to

1   then seek federal declaratory relief to disrupt orderly proceedings to enforce the judgments. The
2   policy of the federal system in a matter like this is to allow the state proceedings to run their
3   course, with possible right to petition the U.S. Supreme Court for relief upon a final ruling of the
4   Supreme Court of California. But a federal district court does not sit in direct review of still-
5   pending state proceedings commenced a decade ago.

6   Second, an injunction is not necessary in aid of the Court's jurisdiction. Instead, there is
7   every reason to dismiss. There is no pending federal action, in rem or otherwise, justifying an
8   exception.

9   Third, the Court need not enjoin this action in order to "protect or effectuate its
10  judgments." This recent suit by Plaintiff is the first federal action, and there is no judgment to
11  protect or effectuate at the federal level. There are several pending orders and judgments in the
12  state court. Plaintiff seeks to merely avoid compliance with those valid state court judgments
13  and enforcement of those judgments under California law.

### G. Leave To Amend Should Be Denied

The allegations in the FAC cannot be cured to properly allege subject-matter jurisdiction. Because filing a third version of this complaint would be futile, dismissal should be with prejudice. *See Ashelman*, 793 F.2d at 1078 (affirming district court's dismissal of amended complaint with prejudice where allegations against state court judge could not overcome lack of subject-matter jurisdiction).

### V. CONCLUSION

For each and all of these reasons, Judge Moorman respectfully requests that the Court dismiss the FAC with prejudice.

Dated: March 2, 2022              STRADLING YOCCA CARLSON & RAUTH, P.C.

                                  By:  /s/ Karla J. Kraft
                                       Karla J. Kraft
                                       Sean Thomas Lobb
                                       Attorneys for Defendant Ann C. Moorman,
                                       Judge of the Superior Court of California,
                                       County of Mendocino

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-17-
DEFENDANT JUDGE MOORMAN'S MOTION TO DISMISS
4883-1407-2079v2/000000-2737                                           Case No. 4:22-cv-00607-JST